UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                               :

UNITED STATES OF AMERICA             :

                                                               :      Docket No.: 12-CR-171 (S-1) (JPO)
      -v-                                           :

MIKHAIL ZEMLYANSKY,                :
     et al.,

           Defendants.                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# MEMORANDUM OF LAW IN SUPPORT OF
# MICHAEL DANILOVICH'S MOTION TO EXCLUDE
# EXPERT TESTIMONY OF LAWRENCE M. FUCHSBERG

August 19, 2013

CREIZMAN PLLC
Eric M. Creizman (EC 7684)
Caroline J. Polisi (CJ 5655)
565 Fifth Avenue, Fl. 7
New York, New York 10017
Tel.:  (212) 972-0200
Fax:  (646) 200-5022
Email:  ecreiz@creizmanllc.com

Michael Danilovich, by his attorneys, submits this memorandum of law in support of his motion to exclude the expert testimony of Lawrence M. Fuchsberg under Rule 702 of the Federal Rules of Evidence.

## STATEMENT OF FACTS

The government has offered Lawrence Fuchsberg, Esq., No-Fault Counsel at the Office of General Counsel at the New York Department of Financial Services, and "an expert on New York's No-Fault Law" as an expert to testify about "basic New York No-Fault Law," including:

- the requirements of insurance companies to provide no-fault insurance and for New York car owners to maintain an insurance policy that includes no-fault insurance;

- the reimbursement up to $50,000 for medical treatments arising out of automobile accidents;

- the incorporation and licensing requirements for medical clinics, including fraudulent incorporation of no-fault clinics.

- the assignment of rights by patients to medical clinics, as well as the prohibition on doctors assigning their rights to collection companies or third-parties;

- billing for no-fault treatments, including fee schedules, standard no-fault forms, including the NF-3 Form, time periods for service, and bills and payments/denials;

- insurance companies' means and methods to investigate fraud, including the use of independent medical examinations, examinations under oath, and peer reviews;

- mechanisms to dispute denials of no-fault claims, including arbitration and litigation; and

- personal injury lawsuits, including the threshold requirement of "serious bodily injury," particularly the 90-180 requirement. (Govt. Letter re: expert disclosures, dated August 9, 2013.)

## ARGUMENT

Mr. Fuchsberg's testimony concerning New York's no-fault regime and

fraudulent incorporation is inadmissible and should be excluded.  Expert testimony, such as Mr. Fuchsberg's, "that usurp[s] either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it, . . . by definition does not aid the jury in making a decision; rather it undertakes to tell the jury what result to reach, and thus attempts to substitute the expert's judgment for the jury's." *Nimely v. City of New York*, 414 F.3d 381, 396 (2d Cir. 2005).  Thus expert testimony such as Mr. Fuchsberg's should be excluded because it "expresses a legal conclusion."  *Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992).

The government provides only generalized notice as to what Mr. Fuchsberg will testify about.  There is no explanation why his testimony is necessary or why the Court cannot explain the relevant laws and regulations to a jury.  The only conceivable purpose of Mr. Fuchsberg's testimony is essentially to say that the defendants violated New York no-fault regulations.  To the extent any such analysis is relevant—and it is not—it is the Court's role to instruct the jury as to the relevant law and the jury's role to determine whether the government has proven beyond a reasonable doubt that defendants violated it.

Mr. Fuchsberg's testimony is particularly improper with respect to issues such as ownership and fraudulent incorporation.  Indeed, the government and defendants in this case have engaged in copious motion practice prior to trial to determine precisely how the law with respect to fraudulent incorporation and ownership and control should be presented to the jury.  Expert testimony will only confuse the jury about issues on which the Court will provide instruction.

The government would like to make this case about whether the defendants violated New York's no-fault regulatory scheme.  Mr. Fuchsberg might very well be an expert on

2

the subject, but these are civil laws and regulations; he is not an expert on the federal criminal fraud statutes. He can only speak from the vantage point of a regulator about rules that involve different standards of proof and different state of mind requirements. Most of what the government says Mr. Fuchsberg will discuss is wholly irrelevant to the issues in this case: *i.e.*, what do insurance company investigations, peer review, and arbitration have to do with the offenses charged against the defendants here?

Mr. Fuchsberg's discussion and opinions about no-fault law are irrelevant, and therefore inadmissible. And to the extent they are relevant, they do not add to the jury's understanding about the relevant issues in this case beyond that which the Court will explain in its instructions or which the parties cannot stipulate to.

## CONCLUSION

For all of the foregoing reasons, the Court should preclude Lawrence M. Fuchsberg from testifying as an expert under Rule 702 of the Federal Rules of Evidence.

August 19, 2013  /s/ Eric M. Creizman
New York, New York  Eric M. Creizman (EC 7684)
Caroline J. Polisi (CP 5655)

CREIZMAN PLLC
565 Fifth Avenue, Fl. 7
New York, New York 10017
Tel.: (212) 972-0200
Fax: (646) 200-5022
Email: ecreiz@creizmanllc.com

*Attorneys for Michael Danilovich*

3