D9a1zem1

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4              v.                              12-CR-171 (JPO)

 5   MIKHAIL ZEMLYANSKY, MICHAEL
     DANILOVICH, TATYANA
 6   GABINSKAYA, JOSEPH VITOULIS,
     BILLY GERIS,
 7
                    Defendants.                 Jury Trial
 8
     ------------------------------x
 9
                                                New York, N.Y.
10                                              September 10, 2013
                                                10:04 a.m.
11

12   Before:

13                    HON. J. PAUL OETKEN,

14                                              District Judge

15
                              APPEARANCES
16
     PREET BHARARA
17        United States Attorney for the
          Southern District of New York
18   EDWARD Y.K. KIM
     PETER M. SKINNER
19   DANIEL S. NOBLE
          Assistant United States Attorneys
20   COLLEEN GEIER, Paralegal Specialist

21   RONALD P. FISCHETTI, ESQ.
     PHYLLIS ANN MALGIERI, ESQ.
22        Attorney for Defendant Mikhail Zemlyansky

23   LAW OFFICE OF ERIC FRANZ, PLLC
          Attorneys for Defendant Mikhail Zemlyansky
24   BY:  ANDREW MANCILLA, ESQ.

25
```

```
                            APPEARANCES
                            (Continued)

CREIZMAN PLLC
     Attorneys for Defendant Michael Danilovich
BY:  ERIC M. CREIZMAN, ESQ.
     KAITLIN DABBERT

GLENN A. GARBER, P.C.
     Attorneys for Defendant Billy Geris
BY:  GLENN A. GARBER, ESQ.
     G. HANNA ANTONSSON, ESQ.

ARTHUR GERSHFELD, PLLC
     Attorneys for Defendant Tatyana Gabinskaya
BY:  ARTHUR GERSHFELD, ESQ.

LAW OFFICE OF STANISLAO A. GERMAN
     Attorneys for Defendant Joseph Vitoulis
BY:  STANISLAO A. GERMAN, ESQ.

MYERS SINGER & GALIARDO LLP
     Attorneys for Defendant Joseph Vitoulis
BY:  MATTHEW D. MYERS, ESQ.

ALSO PRESENT:  DONALD ANSPACHER, FBI
               MICHAEL KELLEY, FBI
```

D9a1zem1

1               (In open court; case called)

2               THE CLERK:  Starting with the government, can I have

3    counsel state their appearance for the record.  Also, if

4    defense counsel could state for the record anyone who's present

5    with them here in the courtroom.  Starting with the government.

6               MR. KIM:  Good morning.  Edward Kim, Peter Skinner,

7    Daniel Noble, and Colleen Geier from the US Attorney's Office,

8    and Special Agents Donald Anspacher and Michael Kelley for the

9    FBI.

10              THE COURT:  Good morning.

11              MR. FISCHETTI:  Good morning, your Honor.  Ronald

12   Fischetti representing Mikhail Zemlyansky, with Phyllis

13   Malgieri behind me.

14              THE COURT:  Good morning.

15              MR. CREIZMAN:  Good morning, your Honor.  Eric

16   Creizman for Michael Danilovich, and with me is Kaitlin

17   Dabbert, a graduate of NYU Law School.

18              THE COURT:  Good morning.

19              MR. GERSHFELD:  Good morning, your Honor.  Arthur

20   Gershfeld for Dr. Tatyana Gabinskaya.

21              THE COURT:  Good morning.

22              MR. GERMAN:  Good morning, your Honor.  Appearing for

23   Dr. Joseph Vitoulis, Stanislao German, and with me is

24   co-counsel Matthew Myers.

25              MR. MYERS:  Good morning.

1             THE COURT:  Good morning.
2             MR. GARBER:  Good morning.  Glenn Garber for Billy
3    Geris, and also I have Hanna Antonsson, who's an associate
4    working with me on this case.
5             THE COURT:  Good morning, everyone.  We're here for
6    jury selection in this trial.  Let me just cover any
7    preliminary matters regarding jury selection.
8             I've received an update of witnesses to ask about from
9    Mr. German, as well as a proposed voir dire question relating
10   to the suspension of the license, and also from Mr. Garber an
11   updated list, and I received the government's list yesterday.
12   Are there any other issues?
13            MR. GERMAN:  Judge, just as a practical matter, we
14   can't see you.
15            THE COURT:  Yeah, I know.
16            MR. GERMAN:  Kind of bizarre.  We really can't see
17   you.
18            THE COURT:  I have to figure out a way to move this.
19   Anyway, I'll figure that out.
20            MR. GERMAN:  And also, we did a little test where I
21   sat in the jury -- in the witness seat, and counsel can't see
22   the witness when they're seated there.  That's going to be an
23   issue in a couple of days, but I don't know what we're going to
24   do.  Maybe we raise the seat higher?  I don't know.  But we
25   can't see when the witness is going to be seated in the witness

D9a1zem1

1  chair.
2          MR. MYERS:  Judge, would you permit a lawyer to sit in
3  the first row when it's that lawyer's witness to direct or
4  cross?
5          THE COURT:  Yeah, I think that works.
6          MR. GARBER:  Or maybe for any.  I mean, because the
7  witnesses may be relevant to all of us even though they're not
8  our witnesses.  We need to see their faces and their
9  expressions.  I don't know if we could use that front row as
10 necessary when the witnesses are testifying.
11         THE COURT:  Sure.  I think that's fine.  So where
12 you're standing now, you can't see the witness?
13         MR. GERMAN:  The witness will be back to your left.
14         THE COURT:  Oh, you're right.
15         MR. GARBER:  I can't see anything.
16         MR. GERMAN:  Mr. Garber can't see anything.
17         MR. GARBER:  If I was 6 inches taller, maybe I'd have
18 a shot, but, you know, I don't even know then.
19         Maybe we can think about it.  For jury selection it's
20 not, you know --
21         THE COURT:  Right, right.  Yeah, I mean, obviously,
22 that wheel won't be there, but that only helps so much.  It may
23 be that we need to use the first row, you know, to observe the
24 witness.  This witness box is not in an ideal place.  But it is
25 where it is.

1            MR. FISCHETTI:  Your Honor, if I can be of some
2    assistance, long before they closed this courtroom, some 30
3    years ago, I tried a case where Judge Motley was the judge, and
4    she allowed us to sit in the first row so we could observe the
5    gestures and how a witness looks when testifying.  We thought
6    that was something helpful to the court and defense counsel,
7    and she allowed all defense counsel to move there, if they
8    wanted to, with regard to a witness testifying.  I'm not saying
9    it's binding on the court, but that's what happened when I
10   tried that case here.
11           THE COURT:  Sure.  I'm okay with that, and I can
12   explain to the jury that that's, you know, the reason for it.
13   I think that's fine.
14           MR. GERMAN:  Judge, just one preliminary matter with
15   regard to the voir dire.  In your Honor's voir dire, I'm going
16   to request on page 3, right before Section 1 about questions
17   about the charges, the last sentence before that subsection is
18   that each defendant is presumed innocent.  I would request that
19   your Honor also state some language that each defendant is to
20   be judged individually in this case as well.
21           THE COURT:  Is that okay with the government?
22           MR. KIM:  No objection to that, your Honor.  But just
23   on the subject of Mr. German's proposed question to add to the
24   voir dire, I don't know -- does the court have a revised voir
25   dire?

1          THE COURT:  Yes.
2          MR. KIM:  Okay.  Because I think the government
3  objects to Mr. German's proposal.  We'll obviously wait to see
4  what the court's formulation is.
5          THE COURT:  Yeah, I was going to read that to you.
6  Going back to Mr. German's point, I'll say, "And each defendant
7  is presumed innocent and each defendant --" what was the
8  language you wanted?
9          MR. GERMAN:  Is to be adjudged individually and
10 separately, something along those lines.
11         THE COURT:  Is to be judged?
12         MR. SKINNER:  Judge, maybe, "You are to consider the
13 guilt or innocence of each defendant," either individually or
14 separately.
15         THE COURT:  Is that okay?
16         MR. GERMAN:  That's fine.  Thank you.
17         THE COURT:  I'll say, "and you are to judge the guilt
18 or innocence of each defendant separately."  I'll say
19 "individually."
20         MR. GARBER:  Similar score?
21         THE COURT:  Yes.
22         MR. GARBER:  And this may be the preliminary remarks
23 to the jury, after the jury is sworn, but I believe defense
24 counsel are going to be conferring, maybe getting up and going
25 over to each other and so forth, and if there could be some

1  remarks made to the jury similar to this:  Just because they're
2  conferring, that does not erode the fact that they're all
3  individual and they have to be judged individually, and just
4  because there's some amount of camaraderie amongst us, I don't
5  want that to mislead the jury.
6           THE COURT:  Sure.
7           MR. GARBER:  And the last thing, on the issue of us
8  being able to see, the defendants also -- and this probably
9  goes to the issue of confrontation -- they have the right to
10 see their accusers, so they may also need to go over and sit in
11 that front row too so they can see.
12          THE COURT:  Yes.
13          On Mr. German's proposed instruction, here's the
14 language that I'd like to use:
15          "You may hear evidence in this trial that one of the
16 defendant doctors in this case previously had his medical
17 license suspended in connection with an administrative hearing.
18 The administrative hearing applied a different standard from
19 the standards that apply in a criminal case, which I will
20 explain in detail later. Is there anyone who would have
21 difficulty separating that prior administrative suspension from
22 the issue of guilt in this criminal case?"
23          MR. KIM:  We have no objection to that, your Honor.
24          MR. GERMAN:  No objection, your Honor.
25          THE COURT:  Okay.  Great.  Any other voir dire-related

D9a1zem1

1  issues?

2          Okay.  So just to confirm, so we're all on the same
3  page, we're going to qualify 42 total before the exercise of
4  peremptories.  In terms of the main, the primary 12 jurors,
5  there will be 8 peremptories to be exercised by the government,
6  14 peremptories to be exercised by the defendants, and when you
7  add those numbers to 12, you get 34, so we have 34 in the pool
8  of primary jurors, potential jurors for the primary 12, and
9  then as to alternates, there are going to be 4 alternates.  The
10 government has 2 peremptories as to the alternate group,
11 defendants collectively have 2 peremptories as to the alternate
12 groups, so 2 plus 2 plus 4 is 8.  So there's 8 in the pool as
13 to alternates, and I'm going to treat that as an independent
14 group.  Those 8 will be the last 8 of the 42 who are qualified
15 as the pool of potential alternates.
16         All right.  So now I believe we're just waiting for
17 the jury pool.  Anything else?
18         All right.  We'll come back when we have the jury
19 pool.  Thanks, everyone.
20         (Recess)
21         (Jury selection conducted)