UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

MICHAEL DANILOVICH,
                       Defendant.

12-CR-171-02 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

    Defendant Michael Danilovich is serving a 25-year sentence of imprisonment, which was imposed by the late Judge Deborah Batts in July 2016. He is currently incarcerated at the Federal Correctional Institution at Otisville, New York. Defendant has moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(a)(i), in light of the COVID-19 pandemic. The Government opposes the motion. The Court has reviewed the parties' filings and heard argument on Defendant's motion on May 15, 2020. (*See* Dkt. Nos. 2160 – 2168, 2178.)

## I.    Legal Standard

    "A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, No. 02 Cr. 743, 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020). Under the First Step Act of 2018, a court is permitted to reduce a term of imprisonment if, after considering the factors in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement, U.S.S.G. § 1B1.13, outlines four circumstances that constitute "extraordinary and compelling reasons" and thus justify a sentence

reduction. One of those circumstances is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The policy statement also requires that the defendant not pose "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

The First Step Act allows a court to reduce a sentence in this manner "upon motion of the defendant" either "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

**II.     Discussion**

On April 17, 2020, Defendant, through counsel, submitted a request for release to home confinement pursuant to § 3582 to the warden at FCI Otisville. Because more than 30 days have passed since the submission of that request, Defendant has satisfied the exhaustion requirement under the First Step Act.

Defendant is a 46-year-old man who suffers from obesity, hypertension, and prediabetes, conditions for which he has been treated at FCI Otisville. He argues that these conditions place him at a high risk of severe complications in the event of a COVID-19 outbreak at the prison.

This Court has previously found "extraordinary and compelling reasons" warranting release to home incarceration based on serious health risks from the COVID-19 pandemic. See *United States v. Christopher Canale*, No. 17-CR-286 (JPO), Dkt. No. 46 (S.D.N.Y. April 30, 2020). In the *Canale* case, the defendant had served two years of his three-year sentence,

suffered from several high-risk medical conditions, was incarcerated at a facility that had experienced a COVID-19 outbreak, and had already been approved for release to a halfway house by the Bureau of Prisons. *See id.* at 3-4.

According to the BOP, there are currently 18 inmates and one staff member at FCI Otisville who have tested positive for COVID-19. There is no question that Defendant's medical conditions place him at higher risk from COVID-19 than a healthy inmate. Although the BOP's response to the pandemic has not been perfect, the BOP has taken significant steps to improve testing and to minimize the risk to inmates of contracting COVID-19.

The Court does not find "extraordinary and compelling reasons" that warrant Defendant's release at this time. Even if there were such reasons, the Court cannot conclude that release to home confinement now — just four years into a 25-year sentence — is justified based on consideration of the factors set forth in 18 U.S.C. § 3553(a). Defendant was convicted of running a wide-ranging racketeering enterprise that engaged in insurance fraud, securities fraud, and money laundering, among other crimes. Defrauded victims of the enterprise lost millions of dollars. He is a recidivist and apparently has never had legitimate employment. For the reasons explained by Judge Batts at sentencing, these crimes were extremely serious. The statutory purposes of specific deterrence and protecting the public from further crime, in addition to just punishment, respect for the law, and general deterrence, require Defendant to serve a substantial part of the sentence imposed by Judge Batts.

### III.    Conclusion

For the foregoing reasons, Defendant Danilovich's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a)(i) is denied.

The Clerk of Court is directed to close the motion at Docket Number 2160.

SO ORDERED.

Dated: July 6, 2020
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

4